**Bradley W. Andersen**, WSBA# 20640
bradley.andersen@landerholm.com
LANDERHOLM, P.S.
805 Broadway Street, Suite 1000
Vancouver, WA  98660
Telephone:  (360) 816-2529
Facsimile:  (360) 816-2529

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON AT TACOMA

| | |
|---|---|
| Wykanush Ventures, LLC, an Oregon limited liability company and TCAIXP LLC, d/b/a Eden, an Oregon limited liability company,<br><br>Plaintiffs,<br><br>v.<br><br>Karstan Walker, a/k/a Karstan Yauchzee, a married person and Kristopher Walker, a/k/a Chris Walker, a married person, and their marital community and Ronald Yauchzee<br><br>Defendants. | Case No.   21-5710<br><br>**COMPLAINT FOR DAMAGES** |

The Plaintiffs, Wykanush Ventures, LLC and TCAIXP LLC allege:

## I.        PARTIES

1.1     Plaintiff Wykanush Ventures, LLC ("Wykanush") is an Oregon limited liability company with its principal place of business in Multnomah County, Oregon. Wykanush owns and operates a commercial cannabis grow facility in Multnomah County, Oregon.

1.2     Wykanush was also the entity that contracted with the Defendant, Karstan Walker, aka Karstan Yauchzee (Walker) to provide accounting and other financial

COMPLAINT FOR DAMAGES- 1
WYKV01-000002 - 5565241v1- Complaint

LANDERHOLM, P.S.
805 Broadway Street, Suite 1000
PO Box 1086
Vancouver, WA 98660
P: 360.696.3312 * F: 360.696.2122

management services for itself, the Plaintiff, TCAIXP and two other Oregon marijuana retail companies: Rose City USA, LLC ("Rose City") an Oregon limited liability company, with its principal place of business in Multnomah County, Oregon and HAH Oregon, LLC ("HAH") an Oregon limited liability company with its principal place of business in Marion County, Oregon.

1.3    Plaintiff, TCAIXP LLC ("TCAIXP") is an Oregon limited liability company, with its principal place of business in Multnomah County Oregon. TCAIXP operates two retail marijuana business in Multnomah County, Oregon.

1.4    The Defendant Karstan Walker, aka Karstan Yauchzee resides in Clark County, Washington. Plaintiffs have information to believe she is married to Kristopher Walker, and that they own community property together, and that the acts complained of in the Complaint were on behalf of or benefited their marital community.

1.5    Defendant Kristopher Walker resides in Clark County. Plaintiffs have information to believe that he is married to Karstan Walker and that they own community property together and that the acts complained of in the Complaint were on behalf of or benefited their marital community.

1.6    The Defendant Ronald Yauchzee is a resident of Weld County, Colorado. He is Karstan Walker's father.

## II.    JURISDICTION/VENUE

2.1    This court has subject matter jurisdiction under 28 U.S.C. § 1332 because there is complete diversity between the parties and the amount in controversy exceeds $75,000.

2.2    Venue is also properly before this court under 28 U.S.C. § 1391 because at least one of the Defendants resides in Clark, County Washington, which is within the Western District of Washington.

///

COMPLAINT FOR DAMAGES- 2
WYKV01-000002 - 5565241v1- Complaint

LANDERHOLM, P.S.
805 Broadway Street, Suite 1000
PO Box 1086
Vancouver, WA 98660
P: 360.696.3312 * F: 360.696.2122

### III. RELEVANT FACTS AND ALLEGATIONS

3.1    Wykanush contracted with Karstan Walker in 2019 to provide Wykanush, TCAIXP and the other above listed companies with bookkeeper and other financial management services. Walker was always an independent contractor and was therefore never paid as a W-2 employee. Wykanush paid Walker for her services. Walker therefore owed a contractual and fiduciary duty to the Plaintiffs and the other companies regarding the financial management and accounting of the Plaintiffs' various businesses.

3.2    Before being hired, Walker represented that she was an experienced, reliable, and qualified bookkeeper familiar with accounting principles, managing accounts and methodology and was proficient with QuickBooks and other accounting software.

3.3    Under the agreement, Walker was responsible to maintain each of the Plaintiffs' financial records through accounting software. She was also responsible to receive revenue and to pay bills, which included making rental, payroll, federal and state taxes, utility, vendor, supplier and other payments on the Plaintiffs' behalf. She was also responsible to deposit and account for checks or cash that each of the Plaintiffs' business received. Walker was also responsible to work with creditors and to provide reports and accounts to the Plaintiffs' owners and managers, including Laszlo Bagi and Sophia Bagi.

### WYKANUSH THEFTS

3.4    Wykanush leases a large warehouse and cannabis production facility from TKM Investment properties, LLC (TKM) for its cannabis grow operation in Multnomah County. TKM is managed by Dan Boverman of Boverman & Associates, LLC ("Boverman") as TKM's receiver.

3.5    In February, 2020 Mr. Boverman notified Mr. Bagi that Wykanush's rent was several months in arrears and threatened to take eviction action. When questioned about the past due account, Walker represented to Mr. Bagi that there was a

COMPLAINT FOR DAMAGES- 3
WYKV01-000002 - 5565241v1- Complaint

LANDERHOLM, P.S.
805 Broadway Street, Suite 1000
PO Box 1086
Vancouver, WA 98660
P: 360.696.3312 * F: 360.696.2122

Case 3:21-cv-05710-DGE   Document 1   Filed 09/24/21   Page 4 of 17

misunderstanding and that she would immediately take steps to address the concerns with the landlord.

3.6   Mr. Bagi learned a few months later that Wykanush had fallen even further behind on its rent obligations and that Walker had presented Boverman with checks returned by Wykanush's bank for insufficient funds. Besides failing to advise of these bad checks, Walker did not advise Mr. Bagi that Wykanush's was behind on rents.

3.7   Mr. Bagi also learned that Wykanush had fallen far behind on its utility payments to Portland General Electric (PGE) and that PGE was threatening to take action against Wykanush.

3.8   Knowing Wykanush had generated sufficient revenue to pay the rent and utilities, Mr. Bagi again confronted Walker about the accounts. Walker claimed she had made the payments, that there was confusion and that the fault lied with Mr. Boverman and PGE.

3.9   To substantiate her claim, Walker provided Ms. Bagi with records that she had falsified from QuickBooks to show that these accounts had been paid. Walker also created other false documents to try and convince Mr. Bagi that PGE and Mr. Boverman were wrong and that she had made the rent and utility payments, when in fact she had not. This included her providing Mr. Bagi:

///
///
///
///
///
///
///
///
///

COMPLAINT FOR DAMAGES- 4
WYKV01-000002 - 5565241v1- Complaint

LANDERHOLM, P.S.
805 Broadway Street, Suite 1000
PO Box 1086
Vancouver, WA 98660
P: 360.696.3312 * F: 360.696.2122

1. Bank records showing payments but deceptively failing to disclose that these payments were for other purposes and were not paid toward rent or utilities;

2. Forged or altered written communications purporting to come from Wykanush's bank, MAPS Credit Union;

3. An altered cashier's check (Ck. No. 123045) from Wykanush's bank, MAPS showing a $20,000 rent payment to TKM, when in fact the check had been issued to PGE;

4. A fabricated or phony Domestic Wire Transfer Request to MAPS designed to mislead Mr. Bagi to believe that Walker had applied to wire money to the landlord; and

5. Falsely entering or changing QuickBooks account or other records to falsely corroborate her claim that she had paid the landlord and PGE.

3.10 After learning from PGE and Mr. Boverman that the utility and rent payments had not been paid, and that the records she provided were false, Mr. Bagi again confronted Walker. Walker suddenly quit with no further explanations.

3.11 Upon further investigation, the Plaintiffs discovered the following:

**Missing and Stolen PGE payments ($94,945).**

3.12 Walker had arranged for Wykanush's bank (MAPS) to issue a $20,000 Cashier's Check to PGE (check No. 123045) on February 21, 2020. PGE cashed and applied that check to Wykanush's past due utility account.

3.13 However, when she was later confronted about not paying rent, Walker altered a copy of the Cashier's check issued to PGE to fraudulently change the listed "Payee" from "Portland General Electric" to "TKM.". The Plaintiffs verified this fraud with MAPS which reported that the Cashier's Check No. 123045 was indeed issued to PGE and not TKM, and that the instrument had been fraudulently altered to show TKM as a Payee.

3.14 The Plaintiffs also discovered, after Walker walked-out, that despite what she had represented to Mr. Bagi through her QuickBooks entries and in other conversations, Walker had failed to make all of the utility payments owed to PGE. After

COMPLAINT FOR DAMAGES- 5
WYKV01-000002 - 5565241v1- Complaint

LANDERHOLM, P.S.
805 Broadway Street, Suite 1000
PO Box 1086
Vancouver, WA 98660
P: 360.696.3312 * F: 360.696.2122

comparing PGE's accounting records to Walker's reports, Wykanush discovered that Walker had over-reported the amounts paid to PGE. In particular, for the period between June 21, 2019 and February 23, 2020, the Plaintiffs discovered that Walker had reported making $94,945.50 more to PGE than was actually paid. Wykanush also confirmed that it had generated sufficient revenue to make the PGE payments and therefore this $94,945.50 can only be accounted for as stolen.

3.15   The Plaintiffs therefore have sufficient information to believe that Walker intentionally, fraudulently and knowingly converted, stole or embezzled the missing $94,945.50 PGE utility payments.

**Missing Rent Payments ($146, 213.68)**

3.16   Wykanush also investigated the missing rent payments to the landlord by comparing the landlord's records to the false accounting provided by Walker.

3.17   Wykanush discovered at least a $146,213.68 discrepancy between what the landlord showed was paid and what Walker claimed she paid on Wykanush's behalf. Wykanush also determined that it had generated sufficient revenue to pay these rents and therefore these monies are missing.

3.18   The Plaintiffs therefore have sufficient information to believe that Walker intentionally, fraudulently and knowingly converted, stole, or embezzled the missing $146,213.68 rent payments.

**Other Embezzlement ($8,775.00 student loan and $2,500.00 dental payments)**

3.19   Walker also wrongfully used Wykanush's debit card on February 20, 2020 to pay for dental care provided to her father, the Defendant Ronald Yauchzee in the amount of $2,500, which payment was not authorized by the Plaintiffs.

**TCAIXP LLC THEFTS**

3.20   At all relevant times, the Plaintiff, TCAIXP LLC Oregon ran two marijuana retail stores in Portland under the name Eden.

COMPLAINT FOR DAMAGES- 6
WYKV01-000002 - 5565241v1- Complaint

LANDERHOLM, P.S.
805 Broadway Street, Suite 1000
PO Box 1086
Vancouver, WA 98660
P: 360.696.3312 * F: 360.696.2122

3.21  TCAIXP maintained a bank accounts at MAPS Credit Union.

3.22  Sophia Bagi managed these two stores on the Plaintiffs' behalf.

3.23  Walker was responsible to manage TCAIXP by properly accounting for the revenue, paying the bills, and providing an accurate accounting for all payments received and paid by each of the stores. Walker was also responsible to make payments to vendors and other creditors through their MAPS bank accounts. Walker was also responsible to maintain QuickBooks and other spreadsheets to track monies received and paid, and to report to their manager, Sophia Bagi regarding the stores' finances.

3.24  Because of the nature of the cannabis business, all sales were in cash. This meant each of the three stores had to account for each day's sales. The daily cash receipts would be placed into separate security bank deposit bags (bank bags) provided by MAPS Credit Union. Once placed in bank bags, the stores' manager would insert a bank deposit slip consistent with the daily receipts in each bank bag for later deposit with MAPS. These bags would then be sealed and placed into the stores' safe until they were delivered to the bank for deposit. This meant the daily receipts from each of the three stores would be deposited with the bank. MAPS would then count the cash in each bag to make sure they matched the deposit slip and would provide an accounting of the amounts deposited.

3.25  Except on rare occasions, and only upon Ms. Bagi's advanced approval, the stores would never use the cash generated by the stores to pay expenses. The expenses instead were paid through bank checks, cashier check, debit cards, or wires. In other words, all monies received by the stores would be deposited into the bank and accounted for accordingly.

3.26  Walker was responsible to manage and properly account for the revenue from each of the stores. She was also responsible to pay and account for all of the accounts payable and to maintain TCAIXP's QuickBooks to accurately reflect the

COMPLAINT FOR DAMAGES- 7
WYKV01-000002 - 5565241v1- Complaint

LANDERHOLM, P.S.
805 Broadway Street, Suite 1000
PO Box 1086
Vancouver, WA 98660
P: 360.696.3312 * F: 360.696.2122

amounts received, deposited with the bank and paid out, and to provide an accounting for Ms. Bagi.

3.27   When questions arose, Ms. Bagi would contact Walker about revenue and vendor payments, including discrepancies between the bank records and QuickBooks. Walker would regularly answer Ms. Bagi's questions by providing false or misleading information, excuses, or other falsehoods, including false statements on how much money the stores had received, when the deposits were made, why they were not made, how much had been deposited and how much had been spent. Walker lied to Ms. Bagi to cover up her embezzlements.

3.28   On September 24, 2020, Walker took deposit bags from one of the stores in the total amount of $14,160. Walker was required to immediately deposit this money with the bank. When the money came up missing, Ms. Bagi confronted Walker who falsely claimed that the bank was unable to accept the deposit because its "Microsoft 365 was down." After Walker quit, Ms. Bagi contacted the bank and learned that Walker had lied—that the bank did not even use Microsoft 365 for deposits. Ms. Bagi also confirmed that the monies were not deposited. Moreover, Ms. Bagi learned that Walker later changed the deposit slip showing different amounts in the bank deposit bags.

3.29   The Plaintiffs also discovered after Walker quit that, on August 4, 2020, Walker had wrongfully used TCAIXP's bank account to pay her student loan in the amount of $8,775 ("US Dept of Edu – DMCS2 800 872-5372 DC").

**Other Fraudulent Acts**

3.30   Besides the above, Walker engaged in a pattern of other deceptive or fraudulent acts designed to cover her embezzlements and to assist in defrauding the Plaintiffs and others. This includes the following:

3.31   After quitting, Walker falsely told Ajabola Ibudini, a minority member of Wykanush that she owned the computer she used to perform her work, and the

COMPLAINT FOR DAMAGES- 8
WYKV01-000002 - 5565241v1- Complaint

LANDERHOLM, P.S.
805 Broadway Street, Suite 1000
PO Box 1086
Vancouver, WA 98660
P: 360.696.3312 * F: 360.696.2122

QuickBooks files contained on that computer, and asked Mr. Ibudini for assistance to retrieve this computer. This was not true—Wykanush paid for the computer and software. Plaintiffs believe Walker was attempting to take the computer to destroy or alter the evidence of her actions.

3.32 After she quit, the Plaintiffs reviewed the books and accounts maintained by Walker and found that Walker had not properly or reasonable maintained the Plaintiffs' financial records and that many entries were missing, inaccurate, mis-categorized, or falsified.

3.33 Walker also created and presented several false QuickBooks or other spreadsheet reports to the Plaintiffs' managers, Laszlo Bagi and Sophia Bagi, to conceal her embezzlements or to falsely convince them that vendors or other creditors were being paid, when they were not. This included rent, utility, gas, garbage, Airgas, and alarm company payments.

3.34 Walker would also represent to the Bagis that certain revenues, such as monies received from high volume customers (e.g., Highly Distributed) were being used to pay creditors, when in fact they were not.

3.35 Walker also falsified or altered records or communications from the bank that the Plaintiffs later discovered were false.

3.36 Walker also lied about the timing of certain payments and would blame others or come up with excuses on why certain payments were not timely made or received.

3.37 Walker also presented Mr. Bagi with a copy of an $84,000 Cashier's Check from Bank of America that was to be used to pay for an Injunction Bond issue by the Clark County Superior Court, but later claimed that she had deposited the money into the wrong account. After Mr. Bagi paid the $84,000 from his personal checking

COMPLAINT FOR DAMAGES- 9
WYKV01-000002 - 5565241v1- Complaint

LANDERHOLM, P.S.
805 Broadway Street, Suite 1000
PO Box 1086
Vancouver, WA 98660
P: 360.696.3312 * F: 360.696.2122

account, Walker caused Wykanush to issue a bad check (No. 9231) to Mr. Bagi for reimbursement.

3.38    The Plaintiffs also discovered that Walker had not filed Plaintiffs' quarterly state or federal tax returns for 2019 and 2020, even though she had represented to the Bagis otherwise.

3.39    The Plaintiffs also discovered that Walker had removed Mr. Bagi's name from various accounts to prevent the Bagis him from receiving late notices or to learn the truth about the status of the vendor accounts, such as PGE. To conceal her embezzlement or failures, Walker also made sure to intercept incoming mail to prevent the Bagis from learning the truth about the status of the Plaintiffs' accounts.

3.40    It also appears Walker ceased recording cash deposits in QuickBooks in 2020 in order to conceal her thefts.

3.41    Walker would also provide false excuses on why certain bills were not paid or even mislead the Bagis that she had paid certain bills, when in fact she had not.

3.42    In 2020, the Walkers were attempting to purchase property in Clark County Washington and were therefore attempting to qualify for a loan. It appears that Walker falsified a W-2 Wage and Tax Statement from Wykanush for the 2019 tax year. Besides falsely identifying herself as an employee of Wykanush instead of an independent contractor, Walker falsely listed her salary as $88,000, when she actually only received $47,000 in 2019.

3.43    Walker also has a criminal history that includes convictions in Oregon, Washington and Idaho for crimes of dishonesty, including felonies, which Walker never disclosed.

3.44    Walker represented to Mr. Bagi and Ms. Bagi that she was an experienced bookkeeper, familiar with accounting principles and methodology, and proficient with QuickBooks accounting software. She also represented that she was in the process of

COMPLAINT FOR DAMAGES- 10
WYKV01-000002 - 5565241v1- Complaint

LANDERHOLM, P.S.
805 Broadway Street, Suite 1000
PO Box 1086
Vancouver, WA 98660
P: 360.696.3312 * F: 360.696.2122

obtaining a Washington Certified Public Accountant license, knowing this was not true and that her criminal history disqualified her from obtaining a license.

3.45   Walker also failed to disclose her criminal record to the Oregon State Liquor and Cannabis Commission when she applied for her license to participate in the marijuana industry.

3.46   Evidence also exists that while working for Wykanush, Walker was spending more than her legitimate earnings. This includes purchasing multiple vehicles and a boat for herself and her husband, purchasing a vehicle for her father and co-defendant Yauchzee, taking multiple and expensive vacations with her, sending her husband and co-Defendant on a baseball junket, purchasing a new home, paying off her student loan, buying new furniture, a bathroom remodel, purchasing a real estate option on Clark County property, and other expenditures that seemed to exceed her income.

3.47   Besides the embezzled monies taken by Walker, the Plaintiffs have had to retain accountants to correct and reconcile the Plaintiffs' financial records. Walker's misconduct or omissions have also caused the Plaintiffs to suffer damages in the form of late fees and interest on accounts payable, failure to file penalties from the IRS and Oregon Department of Revenue, damaged reputation and bank overdraft and returned check fees.

3.48   The Plaintiffs also discovered that Walker routinely emailed her father, Yauchzee copies of the companies' financial records without the Plaintiffs' knowledge or consent.

## IV.   CAUSES OF ACTION

### FIRST CAUSE OF ACTION
### CONVERSION/EMBEZZELMENT/CONSPIRACY

4.1   Plaintiffs incorporate the allegations set forth above as if fully set forth herein.

///

COMPLAINT FOR DAMAGES- 11
WYKV01-000002 - 5565241v1- Complaint

LANDERHOLM, P.S.
805 Broadway Street, Suite 1000
PO Box 1086
Vancouver, WA 98660
P: 360.696.3312 * F: 360.696.2122

4.2     Walker knowingly took monies belonging to Plaintiffs for her use, or that of family, including the co-defendants without the knowledge or consent of Plaintiffs. The Defendants received the benefit of these thefts. Based on her communicating confidential information with her father, it appears that Walker and Yauchzee were conspiring to convert the money or to conceal the conversions.

4.3     Despite demand, Walker has not refunded or returned the monies she wrongfully took from Plaintiffs.

4.4     The Defendants have permanently deprived Plaintiffs of these monies.

4.5     As a result, the Plaintiffs have suffered damages in an amount to be proven at trial but at least the following:

    4.5.1     Wykanush - $240,159.18

    4.5.2     TCAIXP - $24,000

4.6     Because the Defendants' actions are outrageous or because they acted with malice or acted with a conscious disregard of the Plaintiff's welfare, the Plaintiffs reserve the right under ORS 31.725 to request punitive damages.

## V.     SECOND CAUSE OF ACTION
## FRAUD/MISREPRESENTATION/CONSPIRACY

5.1     Plaintiff incorporates the allegations set forth above as if fully set forth herein.

5.2     Through a pattern of deception, including forged or altered documents, Walker made numerous representations – as outlined above of existing facts – regarding the Plaintiffs' financial accounts, receipts and payments.

5.3     These representations were material and false.

5.4     Walker knew her representations were false when made.

COMPLAINT FOR DAMAGES- 12
WYKV01-000002 - 5565241v1- Complaint

LANDERHOLM, P.S.
805 Broadway Street, Suite 1000
PO Box 1086
Vancouver, WA 98660
P: 360.696.3312 * F: 360.696.2122

5.5   Walker intended that the Plaintiffs rely upon these false statements and representations.

5.6   The Plaintiffs had a right to rely upon Walker's statements and representations.

5.7   The Plaintiffs reasonably relied upon these false statements and representations.

5.8   There is also evidence that Walker conspired with Yauchzee to help cover up her thefts and that he benefitted from her embezzlement.

5.9   As outlined above, the Plaintiffs suffered damages as a result of relying upon Walkers misrepresentation in an amount to be proven at trial and as described above.

5.10  Because the Defendants actions are outrageous or because Walker acted with malice or acted with a conscious disregard of the Plaintiff's welfare, the Plaintiffs reserve the right under ORS 31.725 to request punitive damages.

## VI.   THIRD CAUSE OF ACTION
## BREACH OF CONTRACT

### (Walker Only)

6.1   Plaintiffs incorporate the allegations set forth above as if fully set forth herein.

6.2   The Defendant entered into an agreement with the Plaintiffs to provide accounting and other financial services for Plaintiffs, which included her managing revenue and expenditures, maintain accounting records and reporting to the Plaintiffs' owners and managers.

6.3   Plaintiffs fulfilled their obligation under the Agreement, or their performance is excused.

6.4   As detailed above, the Defendant breached the agreement by (1) taking monies belonging to the Plaintiffs, (2) failing to properly account for monies

COMPLAINT FOR DAMAGES- 13
WYKV01-000002 - 5565241v1- Complaint

LANDERHOLM, P.S.
805 Broadway Street, Suite 1000
PO Box 1086
Vancouver, WA 98660
P: 360.696.3312 * F: 360.696.2122

received and paid, (3) failing to timely pay Plaintiffs' vendors or creditors, (4) failing to provide honest and accurate reports to the Plaintiffs, and (5) failing to properly maintain the Plaintiffs' books.

6.5     The Defendant's breaches of this agreement have caused the Plaintiffs to suffer direct and consequential damages as detailed above, including but not limited to the missing monies, and the expense of having to correct or reconcile the Plaintiffs' financial records.

### VII.   FOURTH CAUSE OF ACTION
### BREACH OF FIDUCIARY DUTY

**(Walker Only)**

7.1     Plaintiff incorporates the allegations set forth above as if fully set forth herein.

7.2     As their hired bookkeeper, Walker was provided access to personal and financial information belonging to the Plaintiffs, its members and managers.

7.3     Walker owed the Plaintiffs a fiduciary duty to safeguard the personal and financial information, keep it confidential, and not use it adversely against the Plaintiffs. She also had a duty to properly account for all of the Plaintiffs revenue and expenses and to convert information, money or property.

7.4     In breach of her duty Walker routinely communicated with others, including her father, about Wykanush's financial records without Plaintiffs' consent.

7.5     As detailed above, the Plaintiffs have suffered damages in an amount to be proven at trial.

7.6     Because the Defendants actions are outrageous or because she acted with malice or acted with a conscious disregard of the Plaintiff's welfare, the Plaintiffs reserve the right under ORS 31.725 to request punitive damages.

////

COMPLAINT FOR DAMAGES- 14
WYKV01-000002 - 5565241v1- Complaint

LANDERHOLM, P.S.
805 Broadway Street, Suite 1000
PO Box 1086
Vancouver, WA 98660
P: 360.696.3312 * F: 360.696.2122

# VIII.   FIFTH CAUSE OF ACTION
## UNJUST ENRICHMENT/CONSTRUCTIVE TRUST

8.1     Plaintiffs incorporate the allegations set forth above as if fully set forth herein.

8.2     Defendants received material benefits from Plaintiffs in the form of converted monies, and/or real property, personal property, and services purchased with Plaintiffs' monies.

8.3     Defendants knowingly and willingly received the above described material benefits and it would be unjust and contrary to equity to allow Defendants to retain the monies, real property, personal property, and services without compensating Plaintiffs.

# IX.   PLAINTIFFS REQUEST AND DEMAND THAT THEIR CLAIMS BE SUBMITTED TO A JURY

9.1     The Plaintiffs hereby request a jury trial.

# X.   PLAINTIFFS RESERVE THE RIGHT TO AMEND THE COMPLAINT

10.1    Plaintiffs' investigation of the Defendant is continuing and as described above, they have reason to believe the Defendant misappropriated additional sums of money, including taking money from some of the other related companies described above. They therefore expect to amend this Complaint to add additional claims.

# XI.   PRAYER FOR RELIEF

Based upon the described allegations and claims, the Plaintiffs request the following relief:

1.     For a judgment against the Defendants and in favor of the Plaintiffs for direct and consequential damages.

2.     For an award of pre and post judgment interest at the maximum rate allowed by law against Defendants, and in favor of Plaintiffs.

COMPLAINT FOR DAMAGES - 15
WYKV01-000002 - 5565241v1 - Complaint

LANDERHOLM, P.S.
805 Broadway Street, Suite 1000
PO Box 1086
Vancouver, WA 98660
P: 360.696.3312 * F: 360.696.2122

3.   For a Constructive Trust to be imposed on all property, including any real property, vehicles or boats.

4.   An award against Defendants, and for Plaintiff, Wykanush Ventures, LLC for its statutory attorney fees and costs incurred in bringing this action.

5.   All other relief available in equity or law.

6.   Plaintiff respectfully request trial by jury on all claims and issues so triable.

7.   Plaintiffs also reserve their right under ORS 31.725 to recover punitive damages under Oregon law.

DATED this 24th day of September, 2021.

LANDERHOLM, P.S.

*/s/ Bradley W. Andersen*
BRADLEY W. ANDERSEN, WSBA #20640
*Attorneys for Plaintiff*

COMPLAINT FOR DAMAGES - 16
WYKV01-000002 - 5565241v1 - Complaint

LANDERHOLM, P.S.
805 Broadway Street, Suite 1000
PO Box 1086
Vancouver, WA 98660
P: 360.696.3312 * F: 360.696.2122

## PLAINTIFFS' VERIFICATION

The Plaintiffs, by and through their managing members, hereby swear and verify that they have reviewed the Complaint and either have personal knowledge or have good reason, though information or documentation, to believe the allegations are true and that this Complaint is being filed in good faith.

Wykanush Ventures, LLC

_____
Laszlo Bagi
Managing Member
Dated: 9/23/21

TCAIXP LLC, d/b/a Eden

_____
Sophia Bagi
Managing Member
Dated: 9/23/21

COMPLAINT FOR DAMAGES- 17
WYKV01-000002 - 5565241v1- Complaint

LANDERHOLM, P.S.
805 Broadway Street, Suite 1000
PO Box 1086
Vancouver, WA 98660