UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| WYKANUSH VENTURES LLC, *et al.*, <br><br>       Plaintiffs, <br><br>   v. <br><br> KARSTAN WALKER, *et al.*, <br><br>       Defendants. | Case No. C21-5710-DGE-MLP <br><br> ORDER |

This matter is before the Court on Plaintiffs' Response ("Response" (dkt. # 30)) to the Court's Order to show cause why this matter should not be dismissed for failure to prosecute ("Order" (dkt. # 29)). Plaintiffs filed this action in September 2021 and obtained default against all Defendants by February 2022. (Dkt. ## 1, 16, 24.) In June 2022, Plaintiffs' former counsel withdrew and new counsel made their appearances. (Dkt. ## 26-28.) In response to the Court's Order, Plaintiffs' new counsel stated in a declaration that Plaintiffs' file was only recently received from former counsel and did not contain "any draft motion for judgment of default, affidavit(s) in support of the motion for judgment of default, or notes related to the same[.]" (Bizzano Decl. (dkt. # 31) at ¶¶ 4-6.) Counsel represent that they are preparing subpoenas duces tecum to gather the necessary information to file for default judgment. (*Id.* at ¶ 7.) Plaintiffs

ORDER - 1

anticipate filing a motion for default judgment within 90 days. (*Id.* at ¶ 8; Response at 4.)

It is within the inherent power and discretion of the court to dismiss a civil case for lack of prosecution. Fed. R. Civ. P. 41(b); *see McKeever v. Block*, 932 F.2d 795, 797 (9th Cir. 1991) (failure to prosecute must be unreasonable in order to support dismissal); *Ash v. Cvetkov*, 739 F.2d 493, 496 (9th Cir. 1984). The Court weighs five factors to determine if involuntary dismissal for lack of prosecution is proper. *Pagtalunan v. Galaza*, 291 F.3d 639, 642 (9th Cir. 2002) (citing *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992)). Specifically, the Court considers: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendant; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives. *Id.* Dismissal is proper where at least four factors support dismissal or where at least three factors "strongly" support dismissal. *Beck v. Pike*, 2017 WL 530354, at *5 (W.D. Wash. Feb. 9, 2017) (quoting *Hernandez v. City of El Monte*, 138 F.3d 393, 399 (9th Cir. 1998)).

Here, an additional 90 days will not significantly impact the public's interest in expeditious resolution of litigation or the Court's need to manage its docket, or result in any prejudice to Defendants. The public policy favoring disposition of cases on their merits weighs against dismissing the action at this time. Allowing Plaintiffs 90 days is a reasonable and less drastic alternative. Accordingly, the Court concludes dismissal for lack of prosecution is not proper at this time, and therefore, ORDERS Plaintiffs to file a motion for default judgment or a status report within 90 days.

Dated this 22nd day of July, 2022.

MICHELLE L. PETERSON
United States Magistrate Judge

ORDER - 2